### CROW v. GLEASON.

*(Supreme Court, General Term, First Department. October 20, 1892.)*

**1. STIPULATION—EFFECT.**

In an action for the hire of horses extending through a period of 10 years, it appeared that most of plaintiff's books of original entry, called "Horse Books," in which were recorded from day to day the number of horses hired by defendant, and the charges, had been lost; and the parties stipulated that the accuracy of plaintiff's account should be tested by proof of the particular items charged for one week during the period covered by the lost books, and of one or more items during the time for which the horse books were produced, and that all other items in plaintiff's ledger and bill of particulars should stand as if they were proven in the same way. *Held* that, plaintiff having made the requisite proof before the stipulation was entered into, it was not necessary for him to again give such proof *de novo;* and proof of this nature, made in a former action relating to the same subject-matter, was within the spirit of the stipulation, where the record of such action had been made a part of the record in the pending action. VAN BRUNT, P. J., dissenting.

**2. PAYMENT—EVIDENCE.**

The defense of payment is not made out by proof that plaintiff had rendered weekly bills for horses hired by defendant, and the production of receipts by the latter, showing that some of such weekly bills had been paid shortly after they were rendered, and evidence that other receipts had been lost, where plaintiff's evidence shows that each of the items contained in these weekly bills and receipts formed part of and entered into a running account between the parties.

**3. LIMITATIONS OF ACTIONS—PART PAYMENT.**

Payments made by defendant within six years after the date of the last item charged against him in plaintiff's bill take the case out of the statute of limitations, where items in such bill constitute a running account between the parties, and not distinct and separate transactions.

Appeal from judgment on report of referee.

Action by Ellis N. Crow against Patrick J. Gleason. The complaint contained two causes of action; the first for horses hired by defendant, from plaintiff, and the second for injuries to some of the horses so hired. The case was referred to a referee, who found for plaintiff as to the first cause of action, and against him on the second. From a judgment of $2,822.90 in plaintiff's favor, entered on the referee's report, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Johnson & Lamb, (Jesse Johnson,* of counsel,) for appellant. *Leavitt & Leavitt, (Edwin R. Leavitt,* of counsel,) for respondent.

PATTERSON, J. This appeal is from a judgment entered on the report of a referee, who found in favor of the plaintiff on one of two causes of action set forth in the complaint. That cause of action was, in substance and effect, for the balance of an account for horse hire, such account beginning with a

debit under date of April 26, 1875, and ending with a credit on the 13th day of November, 1885. Annexed to the complaint is a long, itemized account, which on the trial was treated by both parties as a bill of particulars. The answer admits that during the period embraced within the dates mentioned the defendant did hire horses from the plaintiff; but it denies that such hiring was of the number of horses, or that the defendant is indebted in the amount, stated in the bill of items; and it also averred that payment was made of all that was due and owing the plaintiff, the defendant having settled and paid weekly bills rendered for all horses hired by him. The defense of the statute of limitations is also pleaded to the demand. The account was kept and the items originally charged against the Long Island City Railroad Company, with which the defendant was officially connected; and a suit against that company for the identical balance of indebtedness now claimed was brought by the plaintiff, defended, and the issues therein were referred. On the hearing of that action it appeared by the testimony of the present defendant that he personally hired all the horses on his own account, that the transactions were between himself and the plaintiff, and that he used the horses in his own business. Thereupon a stipulation was made, which is all-important in this case; the action against the railway company was discontinued; a new one against this defendant was begun; was referred to the same referee to hear and determine; and the testimony taken in the prior action was made part of the proofs in this. To sustain his claim, the plaintiff undertook the task of proving or establishing each item of the bill of particulars. It was not an account stated. It had never been rendered as a whole, and no promise was made, and no circumstances were shown from which one could be implied, to pay the balance. The plaintiff put in evidence certain ledgers containing postings from books of original entry of all the items charged and credited. He also showed that he kept what are called "Horse Books," in which were recorded from day to day the number of horses hired by the defendant, and the charges therefor. Testimony was given by the servants of the plaintiff to the effect that those books were correctly kept, the entries being from information coming from the employes who delivered the horses to the defendant; but it also appeared that the horse books were lost, except those covering a part of the years 1883, 1884, and 1885. The defendant objected and excepted to the admission in evidence of one of the ledgers, and now urges that there was no proper or competent proof of the items of the account resulting in the amount with which the referee has charged him. We do not deem it necessary to pass upon the question of evidence discussed by counsel, for the reason that the defendant is precluded from raising it by the stipulation above referred to. By it the plaintiff was permitted "to give such proof as he may be advised as to any item of horse hire contained in his ledger and complaint for which the horse book and book of original entry is lost," and upon proof of loss of those books, "after he has given evidence as to as many items as he may elect, not less than for one week," it was to be admitted that the plaintiff, if he so stated, "can give the same evidence as to all the items in his bill of particulars which are there stated as having arisen within the period of time for which his horse books or books of original entry cannot be found, * * * and to prove by such evidence as he has one or more items arising within the time when he has the horse book or book of original entry," etc.; and the defendant also stipulated "not to insist upon any further proof of such items, but the evidence will stand the same as if those items had been proved item by item, with the same force and effect that it stands as to items as to which he [the plaintiff] has exhausted proof." The meaning of this stipulation is that the accuracy of the account should be tested by proof being made of the particular items charged for one week during the period covered by the lost books, and of one or more items during the time for which the horse books were produced, and all other items in the

ledger and bill of particulars were to stand as if they were sufficiently proven in the same way. The terms of this stipulation were substantially complied with, the plaintiff giving the required proof; and its effect cannot be avoided by the argument now made that such proof was to be given *de novo*, and at a date subsequent to that of the stipulation. Some of the evidence is contained in the testimony of witnesses given on the hearing of the action against the railroad company, but it was made part of the record before the referee in this cause, and is within the spirit of the agreement between the parties. Without regard, therefore, to the abstract rule of evidence which otherwise might require consideration, we think, for the purposes of this action, the plaintiff furnished all the proof necessary to make out his *prima facie* case.

The referee found that the defense of payment was not established, and, on the whole evidence, we cannot disturb that finding. There is no proof of payment of any ascertained or fixed balance of account, but the defendant insists that all the transactions between the plaintiff and himself were settled from time to time, and at short intervals; that bills were rendered weekly, all which were fully paid, and some 72 receipts for various amounts were put in evidence by the defendant. One of them is dated in 1872, 17 in 1878, 2 in 1881, 38 in 1884, and 2 in 1885. Some are for specific items; some generally on account. The defendant states he had had receipts during other years, but they were lost. The question of fact for the referee to determine in connection with these receipts related not only to the mere payment of the sums represented thereby, but he was called upon to infer therefrom the nature of the dealings between the parties. There was enough in the testimony of Crow and of Frazee to authorize the conclusion that each of the items contained in these bills receipted or receipts formed part of and entered into the running account, and that each was not a distinct matter, settled and paid for at or about the date of each receipt. The defendant claimed that all items prior in date to April 28, 1884, were barred by the statute of limitations, the action having been begun April 28, 1890. The referee held the statute did not apply. He found that the defendant made payments on account of the general bill within six years, and that such payments took the demand out of the operation of the statute. *Lawrence* v. *Harrington*, 122 N. Y. 415, 25 N. E. Rep. 406. As the transactions subsequent to April, 1884, were held not to be independent ones, settled at weekly or other short intervals, the payments must have been on general account, and among the receipts produced by the defendant are some in which it is stated that they are "on account." The defendant virtually admitted on August 6, 1884, he owed the plaintiff moneys for horses, and he promised to send some of it to the plaintiff; and there is no pretense that what was then owing was merely for one week or some short period. What was paid after April, 1884, was all credited in the running account. On the whole testimony, we are not inclined to differ with the referee as to his finding respecting payments made in such manner and under circumstances sufficient to take the claim out of the statute. The judgment must be affirmed, with costs.

O'BRIEN, J., concurs.

VAN BRUNT, P. J., (*dissenting.*) I cannot concur. There was no legal evidence as to any of the transactions in respect to which the books of original entry were lost, and therefore there was no proof of even one week in that account. The rule laid down in the case of *Mayor, etc.,* v. *Railroad Co.,* 102 N. Y. 572, 7 N. E. Rep. 905, shows what must be the character of proof to entitle books of account to be read. The evidence in this case falls entirely short in its compliance therewith, even as to one week, and therefore such evidence should not have been admitted.